UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

WOODROW WILSON PREACELY, JR.,

                          Plaintiff,

           - against -

AAA TYPING & RESUME, INC. &
DENISE HIDALGO,

                        Defendants.

**REPORT AND RECOMMENDATION**

12 Civ. 1361 (AT) (RLE)

------------------------------------------------------------

**To the HONORABLE ANALISA TORRES, U.S.D.J.:**

## I.    INTRODUCTION

*Pro se* Plaintiff Woodrow Wilson Preacely, Jr. ("Preacely") filed a Complaint against *pro se* Defendants AAA Typing & Resume, Inc. ("AAA")[1] and Denise Hidalgo ("Hidalgo"), the President and owner of AAA (collectively, "Defendants"). Preacely alleges that Defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a)(1), federal and state minimum wage notice requirement laws under 29 C.F.R. § 516.4 and 12 N.Y.C.R.R. § 142-2.8, the New York State Minimum Wage Act, Labor Law § 652(a), and the Wage Theft and Protection Act ("WTPA"). Before this Court are Preacely's motion for summary judgment and Hidalgo's cross-motion for summary judgment.[2] On the facts set forth in the record and for the following reasons, I recommend that Preacely's motion be

---

[1] Generally, a corporation must be represented by counsel and may not proceed *pro se*. *See* 28 U.S.C. § 1654; *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). The Court determined, however, that this case fell within the exception providing for an agent of a corporation to represent a corporation when the agent is a party to the action. (Order, dated Sept. 19, 2012 (Sullivan, D.J.) (citing *Pension Benefit Guar. Corp. v. Viking Food Serv., Inc.*, No. 93 Civ. 6837 (LMM), 1994 WL 702042 (S.D.N.Y. Dec. 14, 1994)).

[2] Hidalgo styles her motion as a Response to Plaintiff's Documents. Given her *pro se* status, the Court interprets it as a cross-motion for summary judgment.

**DENIED**, that Hidalgo's cross-motion on behalf of AAA and herself be **GRANTED**, and that the case be **DISMISSED WITH PREJUDICE**.

## II. BACKGROUND[2]

Preacely worked for AAA as a typist, or wordprocessor, from December 11, 2007, to March 2009. (*See* Aff. in Supp. of Pl.'s Mot for Summ. J. and Other Relief ("Pl. Aff.") at 1.) AAA, which closed in January 2011, was a corporation owned by Hidalgo. (*See* Def.'s Submission of Requested Timesheets and Response to Pl.'s Letter Dated 3/14/13 ("Def. Letter II") Ex. B at 1.) Using outside typists, AAA provided piecemeal typing, editing, writing, and computer services and training to its clients. (*See* Def. Letter II at 2.)

Pursuant to an Independent Contractor Agreement (the "Agreement") AAA contracted with Preacely to provide typing and editing services to AAA's clients. (*See* Def.'s Resp. to Pl.'s Letter Dated 12/5/12 ("Def. Letter I") Ex. A.) The Agreement stated: "[A]ll work is performed on a piecework basis; work is compensated on an hourly or page basis, depending on the individual project, at the agreed-upon rate for services rendered." (*Id.*) Preacely was permitted to perform his duties "at home, at another location, or in the AAA Typing & Resume, Inc. office if it is mutually convenient." (*See id.*) The Agreement specified that, since AAA did not provide any worker with employment status, it was not responsible for workers' unemployment, worker's compensation, disability, or medical insurance coverage. (*See id.*) Finally, the Agreement contained a provision that the typist would be responsible "for any taxes due on

---

[2] The Parties, both proceeding *pro se*, have submitted multiple filings in this case setting forth facts, claims, defenses, and legal theories. On May 7, 2013, after Preacely filed his motion for summary judgment and reply papers, he submitted a Statement of Undisputed Facts pursuant to Local Rule 56.1 ("Rule 56.1 Statement"). Hidalgo did not submit a Rule 56.1 Statement. Generally, a failure to submit a Rule 56.1 Statement may constitute grounds for denial of the motion. *See T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009) ("The requirement is strict[:] failure to submit a Rule 56.1 statement with a motion for summary judgment may result in the motion's denial."). However, given the Court's broad discretion to determine whether to overlook a party's failure to comply with the Local Rules, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001), and because Hidalgo is a *pro se* defendant, the Court has conducted an independent review of all of the evidence submitted by both parties to ascertain whether the record reveals any material, disputed issues of fact.

his/her earnings (including self-employment tax)." (*Id.*) Preacely signed the Agreement, and wrote his name, address, phone number, and email address. (*Id.*)

After retaining Preacely as a typist, Hidalgo gave him timesheets to keep track of the work done. (Def. Letter II at 1.) Preacely completed the timesheets and submitted them to Hidalgo. (*Id.*) When clients received the timesheets, they paid Hidalgo, who then paid Preacely. (*Id.*) For his editing and typing work, AAA paid Preacely $12.00 per hour. (*See* Pl.'s Mot. for Summ. J. and Other Relief ("Pl. Mot.") at 4; Resp. to Pl.'s Docs. Dated 4/18/13 ("Def. Cross-Mot.") at 2.)

In early 2009, during the economic recession, AAA faced a "reduction in work assignments," causing Preacely's workload to decline. (Def. Cross-Mot. at 3.) Preacely applied for unemployment benefits with the Department of Labor (the "DOL"), which denied his claim on the ground that he was not an employee. (*Id.*; *see also* Pl. Aff. Ex. A at 9.) Preacely appealed the decision to the New York State Unemployment Insurance Appeals Board (the "Board") and on December 4, 2009, the Board determined that an employer-employee relationship existed between Preacely and AAA for purposes of unemployment benefits. (*See* Pl. Aff. Ex. B at 1-2.) AAA appealed the decision on several occasions, but each appeal resulted in an affirmation of the December 2009 determination. (*See generally* Pl. Aff. Ex. A.)

Preacely filed suit in this Court on February 22, 2012,[3] alleging that Defendants improperly and deceptively designated him as an independent contractor to avoid paying him minimum wage and overtime. Preacely seeks payment of unpaid minimum wages, liquidated

---

[3] Preacely previously filed an employment discrimination case against the same employer in this Court. *See Preacely v. AAA Typing & Resume, Inc., et al.*, No. 10 Civ. 4377 (JSR) (JCF) (S.D.N.Y. Aug. 24, 2011). By Order dated August 22, 2011, Judge Rakoff adopted Magistrate Judge Francis's Report and Recommendation recommending the dismissal of the action for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

damages, and a recovery under the Wage Theft Protection Act.[4] (*See* Compl. ¶ 22.) Defendants assert that Preacely worked as an independent contractor and that, because he was "a very fast typist," he "earned much more than the minimum wage . . . for his piecework." (Def. Letter II at 2.) They urge the Court to discredit and dismiss Preacely's claims because "[t]here is simply no factual basis for this lawsuit, and no evidence which could possibly support [Preacely's] false claim." (*Id.* at 4.)

### III.   DISCUSSION

#### A.   Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if it determines that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.

When parties cross-motion for summary judgment, the same standards apply as that for individual motions. *See Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). "[E]ven when both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party." *Id.* (citing *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993)). "[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the

---

[4] To the extent that Preacely's submissions implicate Hidalgo personally in a controversy surrounding a neighborhood watch group in Washington Heights or a separate civil action involving the New York Police Department, the New York City Housing Authority, and the Manhattan District Attorney's Office, those claims are not being considered by the Court as they do not pertain to the alleged FLSA violations.

party whose motion is under consideration." *Id.* (citing *Schwabenbauer v. Bd. of Educ.*, 667 F.2d 305, 314 (2d Cir. 1981)).

Preacely argues that AAA was "deceitful" in its "misclassification" of his employment as an independent contractor. (Pl. Aff. at 1.) He claims that he was actually an "employee-at-law" who was not paid pursuant to federal and state minimum wage laws. (*Id.* at 3.) The basis for Preacely's assertion is the finding by the New York State Unemployment Insurance Appeal Board overruling an initial determination by the DOL that he was an independent contractor. (*See id.* at 2; *see also* Pl. Aff. Ex. B.)

Hidalgo asserts that Preacely was paid $12.00 per hour for typing and editing work, or $1.50 per page for piecemeal typing. (Def. Cross-Mot at 2.) She states that Preacely "held himself out to be an independent contractor, performed work in that capacity, signed a contract which indicated that he understood those conditions, and followed them." (*Id.*) She argues that Preacely's claims that he was an employee, rather than an independent contractor "are refuted by documents in evidence in this case." (*Id.*) The Court agrees.

**B.     Preacely's Claims under the FLSA is Barred by the Statute of Limitations.**

An action "to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938" must be commenced within two years after the cause of action accrued." 29 U.S.C. § 255(a). For "willful violations" of the law, one year is added to the statute of limitations. *See id.* The Supreme Court has explained that, to prove willfulness the plaintiff must show "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). The standard requires more than a showing of employer negligence. *Saunders v. City of N.Y.*, 594 F. Supp. 2d 346, 358 (S.D.N.Y. Dec. 18, 200) (citing *McLaughlin*, 486 U.S. at 133). Preacely, as

5

the plaintiff, has the burden to show Defendants' willfulness. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999).

The Parties do not dispute that Preacely's work for AAA's clients terminated in March 2009. Preacely filed the instant action on February 22, 2012, more than two years after his employment with AAA ended. For his action to survive, Preacely must therefore show that Defendants' actions meet the "willful" standard, and that he is entitled to the three-year statute of limitations. Although Preacely asserts that Defendants were "willful" in "misclassifying" him as an independent contractor (*see* Pl. Mem. of Law at 1, 8, 9), his accusations are conclusory, undetailed and without support. Preacely provides no evidentiary proof of Defendants' willfulness. Because the Court finds that Preacely has failed to allege facts sufficient to warrant application of the three-year statute of limitations, it recommends that Preacely's FLSA claim be barred under the two-year statute of limitations.

### C. Preacely Has Failed to Show that the FLSA Covers AAA.

Even if the Court were to find that the statute of limitations did not bar Preacely's FLSA claims, it would nonetheless recommend that the case be dismissed. Sections 206 and 207 are the minimum wage and maximum hours provisions of the FLSA. *See* 29 U.S.C. §§ 206, 207. An employer is subject to the FLSA minimum wage and maximum hours provisions if: (1) the employee individually was "engaged in commerce or in the production of goods for commerce"; or (2) the employer was an "enterprise" "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). An "enterprise engaged in commerce" means that it:

> [H]as employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

6

29 U.S.C. § 203(s)(1)(A)(ii). To prove a violation of either § 206 or § 207, Preacely must demonstrate Defendants constituted an "enterprise engaged in commerce." *Velez v. Vassallo*, F. Supp. 2d 312, 332 (S.D.N.Y. 2002). Preacely has failed to sustain his burden. He has submitted no documentary proof of AAA's annual gross volume of sales. Nothing in his filings (or those of Defendants) gives the Court reason to believe that AAA may have met the threshold sales requirement. Rather, given that AAA closed for business in January 2011 (*see* Def. Letter II), it seems probable that its annual revenues were significantly less than $500,000.

Alternatively, if Preacely can demonstrate that, while working at AAA, he was "engaged in commerce," as defined by the Act, then he may be covered under the FLSA. An employee of an entity that is not an enterprise required to pay overtime benefits under the FLSA may still be entitled to those benefits, as an individual "engaged in commerce" or the production of goods for commerce, if he is engaged in sufficient interstate activities. *See Bowrin v. Catholic Guardian Soc.*, 2006, 417 F. Supp. 2d 449, 459 (S.D.N.Y. 2006). To be "engaged in commerce," an employee must be "performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. Here, there is no indication that Preacely engaged in interstate commerce as part of his work at AAA, or that AAA itself engaged in interstate commerce. Because discovery in this case has ended, the Court makes its determination based on a complete record.

Therefore, because Preacely has failed to satisfy his burden of showing that Defendants are subject to the FLSA, the Court recommends that Preacely's motion for summary judgment be **DENIED** and that the case be **DISMISSED**.

### D. Preacely was an Independent Contractor under the FLSA

Even if the case is not dismissed as barred under the statute of limitations or pursuant to the definition of "enterprise," this Court still recommends that it be dismissed on the merits because it is apparent that Preacely was an independent contractor under the FLSA.

To determine whether an individual is an employee or an independent contractor under the FLSA, courts apply the "economic realities test" to the parties' work relationship. *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058 (2d Cir. 1988). The test requires the court to consider five factors:

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

*Id.* at 1058-59. These factors do not constitute an exhaustive list; rather, the test requires courts to evaluate the "totality of the circumstances" and to consider "any relevant evidence." *Id.* at 1059; *see also Barfield v. N.Y. City Health & Hosp. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008) (explaining that a worker's status as an employee or independent contractor under the FLSA is "a flexible concept to be determined on a case-by-case basis by review . . . ."). "Regardless of what factors the court chooses to consider, based on the individual facts of the case, the ultimate question is whether the putative employee is economically dependent on the putative employer." *Velu v. Velocity Exp., Inc.*, 666 F. Supp. 2d 300, 306 (E.D.N.Y. 2009). For purposes of summary judgment, "the existence and degree of each factor is a question of fact while the legal conclusion to be drawn from those facts – whether workers are employees or independent contractors – is a question of law." *Brock*, 840 F.2d at 1059.

1.  **Defendants Exercised Minimal Control over Preacely.**

The first factor requires the court to consider whether the plaintiff worked at his convenience. *See Browning v. Ceva Freight, LLC*, 885 F. Supp. 2d 590, 608 (E.D.N.Y. 2012). For example, a worker's ability to refuse assignments assigned by the supervisor, to work from a location other than the employer's office, to determine his own hours, and to hire and fire his own assistants all support a finding of independent contractor status. *See Anyan v. N.Y. Life Ins. Co.*, 192 F. Supp. 2d 228, 239 (S.D.N.Y. 2002). On the other hand, where, for example, a worker has minimal independent discretion in choosing his work schedule and the company exclusively provides his equipment, the company may be found to exercise sufficient control over the worker such that he is an employee. *See Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 325 (S.D.N.Y. 2001).

Preacely states that when he reported to AAA's office, Hidalgo "[stood] over [his] shoulders, [told] him and his workers what to do for periods of time during those ten hours and exactly how she want[ed] that particular job done." (Pl.'s Reply Mot. for Summ. J. and Other Relief ("Pl. Reply Mot.") at 5.) Hidalgo claims that Preacely "directed his own hours," "was responsible for his own work product," "was not compelled to appear in the office for any set hours," and "was paid well above the minimum wage for both hourly work (at $12.00 per hour) and for per-page work. . . ." (*See* Def. Letter II at 1.) She submits that when Preacely "chose to come into the office to perform work, he was paid for the work produced, as when he produced work at home. His time was not supervised, and he was not required to apply every minute to client assignments." (Def. Cross-Mot. at 2.) Hidalgo further notes that Preacely "could surf the internet, work on his own projects, make phone calls, eat lunch, come and go as he pleased." (*Id.*)

9

Preacely's timesheets and pay stubs indicate that his pay varied tremendously based on how many assignments he completed during any given time period. (*See* Pl. Aff. Exs. C, D.) Indeed, for one day's work he earned $273, whereas for a three-day period he earned $76.90. (*See id.*) This does not demonstrate the existence of a structured work schedule. The columns on the timesheets titled "Type of Work / Sub-Client ID" provide further support for Defendants' position. (*See* Pl. Aff. Exs. C, D.) In these columns, Preacely wrote terms such as "Letter," "Transcript," and "Resume," indicating he was working on a project basis. (*See id.*) Finally, logic supports the position that Preacely was paid based on his task, rather than hourly: because speed is of great importance in wordprocessing, it makes sense to pay a worker per project, rather than on a strictly hourly basis.

Even assuming that Defendants maintained some degree of control over Preacely's work when he worked at AAA's office, this degree of control is not sufficient to find that Preacely was an employee because Preacely maintained the ability to set his own hours and work from a different location. Although Preacely asserts that he reported to AAA's office for regular hours, he provides no evidence that he was required to do so. Instead, the timesheets he has provided lead to the opposite conclusion: that Preacely did not maintain regular hours, and that he maintained significant control over his own schedule. Accordingly, the Court recommends a finding that Defendants did not exercise sufficient control or supervision such that Preacely should be considered an employee.

2.    **Preacely had Ample Opportunity for Profit.**

Where a worker's profit is based wholly on the success of his employer, and where the worker has no ability to profit beyond his hourly rate, the worker may be considered an employee, and not an independent contractor. *See Gayle v. Harry's Nurse Registry, Inc.*, No. 07 Civ. 4672 (CPS) (MDG), 2009 WL 605790, at *7 (S.D.N.Y. Mar. 9, 2009). A worker may be

10

considered an independent contractor if he has the ability to seek work from other employers, while continuing his relationship with the defendant-employer. *Velu*, 666 F. Supp. 2d at 307.

Again, Preacely's timesheets, which show that the amounts he earned depended primarily on the quantity of work he chose to accept or deny, indicate that Preacely had the opportunity for profit or loss while working for AAA. (Pl. Aff. Exs. C, D.) In addition, Preacely's timesheets indicate that his work schedule at AAA was sporadic, which would provide Preacely with an opportunity to pursue other work. (*Id.*) While there is no evidence as to whether Preacely sought or maintained alternate employment, a decision not to avail himself of other work does not weigh against a finding that Preacely had an opportunity for profit. *Velu*, 666 F. Supp. 2d at 307.

### 3. Preacely's Work Required a Considerable Degree of Skill and Independent Initiative.

Where a job requires a "significant degree of skill," *Browning*, 885 F. Supp. 2d at 609, or the use of skill "in an independent way," *Rosso v. Pi Mgmt. Assocs., LLC*, 02 Civ. 1702 (KNF), 2005 WL 3535060, at *6 (S.D.N.Y. Dec. 23, 2005), courts have found workers are independent contractors. Here, Hidalgo states that AAA expected typists to be proficient at their work, "requiring . . . computer expertise, command of the English language, familiarity with a range of wordprocessing programs, [and] document production styles . . . ." (*See* Def. Letter I Ex. C.) Preacely does not present any argument on the issue of whether his work required skill and independent initiative – rather, his submissions, which are often confusing and difficult to comprehend, rely on conclusory assertions and defamatory remarks against Hidalgo.

In order to perform his duties, Preacely was required to type proficiently and accurately, and to have knowledge of word processing programs. The Court recommends a finding that Preacely performed his typing, editing, writing, and computer duties for AAA with a significant

11

degree of skill, and that he was required to take initiative in order to continue his work relationship with Defendants.

### 4. Preacely's Relationship with Defendants was Relatively Brief and Preacely Worked Only As Needed.

Courts next examine the permanence and duration of the working relationship between the employer and the worker. Even a lengthy work relationship may result in a finding that the worker was an independent contractor. *See, e.g., Velu*, 666 F. Supp. 2d 300 (finding independent contractor status despite a work relationship lasting for approximately five years). Where a work relationship is temporary, rather than permanent, a court is more likely to find that the worker is an independent contractor. *See Gustafson*, 171 F. Supp. 2d at 326 (relying on the fact that the contract was renewable annually as indicative of a temporary, rather than a permanent, relationship).

Here, the evidence shows that Preacely worked for AAA intermittently for fifteen months, from December 2007 until March 2009, doing piecemeal work on an ad hoc basis. (*See* Pl. Aff. Exs. C, D.) Indeed, the reason that Preacely ceased working with Defendants – and hence the reason for Preacely's numerous civil actions – was the precipitous decline in work assignments because of the economic recession. (Def. Cross-Mot. at 3.) Further, the Agreement signed by Preacely does not indicate the duration or permanence of AAA and Preacely's relationship. (*See* Def. Letter I Ex. A.) Based on the foregoing, the Court recommends a finding that Preacely's relationship with Defendants was temporary and relatively brief, suggesting that he was an independent contractor.

### 5. Although Preacely's Typing Responsibilities Were an Integral Part of AAA's Business, his Work Was Interchangeable with that of Other Typists.

The next factor the Court must consider is whether the individual's work is considered "integral" to the business. *See Brock*, 840 F.2d. at 1059. Hidalgo claims that Preacely's work

12

was not because the integral services – "obtaining new clients, managing the books, writing resumes and cover letters, [and] editing and proofing academic and business papers" – were performed by her. (*See* Def. Letter I.) Nevertheless, AAA's stated services, as provided in the Independent Contractor Agreement, included providing piecework "typing, editing, writing, computer consulting, etc." to its clients. (*See id.* Ex. A.) It appears that AAA would be unable to provide these fundamental services without the work performed by its typists.

However, where, as here, an individual's work is integral to the employer's business model, yet the work is "interchangeable with the work of other[s]," *see Velu*, 666 F. Supp. 2d at 307-08, this factor weighs only slightly in favor of finding that the worker is an employee. *Browning*, 885 F. Supp. 2d at 610 (explaining that, although integral, the plaintiff's work was easily interchangeable and it tipped the scales only slightly in favor of finding that he was an employee when viewed in light of the totality of the circumstances). Here, Preacely's work was interchangeable, as other typists could readily "fill in" for him if he was unavailable. *See Velu*, 666 F. Supp. 2d at 308. Accordingly, this factor weights slightly in favor of finding that Preacely was an employee.

### 6. Totality of the Circumstances

In examining whether a worker is an independent contractor or an employee, the Court must assess "whether, as a matter of economic reality, the worker[] depend[s] upon someone else's business for the opportunity to render service or [is] in business for [himself]." *Godoy v. Rest. Opportunity Ctr. of N.Y., Inc.*, 615 F.Supp.2d 186, 192-93 (S.D.N.Y. 2009) (internal citations omitted). Here, Preacely maintained control over his hours, work location, and assignments. He had the ability to refuse work, or to work for other employers. His work required him to be a skillful and proficient typist and wordprocessor. He worked for Defendants over the course of fifteen months, taking assignments on an ad hoc basis, and his work could be

performed by others with the same level of wordprocessing proficiency. He was an independent contractor in business for himself. As such, he does not have any claims under the FLSA, and his claim should be **DISMISSED**.

C.      **AAA Had No Obligation to Provide Minimum Wage Notices**

Preacely next alleges that AAA failed to post statutorily required notices of AAA's compliance with state and federal minimum wage requirements. (*See* Pl. Mem. of Law at 10.) Notwithstanding Hidalgo's position that Preacely was an independent contractor, she submits that all minimum wage notice requirements provided by the DOL were prominently displayed next to the typing stations at AAA's office, where Preacely would have seen them when he worked from AAA's office. (*See* Def. Cross-Mot. at 2.)

The Code of Federal Regulations require that "[e]very employer employing any employee subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act . . . ." 29 C.F.R. § 516.4. Only employees – not independent contractors – are protected by the regulation under the FLSA guidelines. *See* 29 U.S.C. § 203(e)(1) (defining employee as "any individual employed by an employer"); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 308-09 (S.D.N.Y. 2011) (explaining that an employer-employee relationship must exist in order to have a claim under the FLSA). As this Court has determined that Preacely is an independent contractor for purposes of the FLSA, he does not have a valid claim against AAA for failure to display minimum wage requirements pursuant to the Act. Therefore, this claim should be **DISMISSED**.

D.      **The Court Should Decline to Exercise Supplemental Jurisdiction Over Preacely's New York State Law Claims.**

When a court has original jurisdiction under federal question jurisdiction, it may also exercise supplemental jurisdiction over "all other claims that are so related to the claims in the

action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court, however, has discretion to "decline to exercise supplemental jurisdiction over such a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id.*, § 1367(c)(3). "[I]n the usual case in which all federal claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

Since this Court recommends dismissal of Preacely's federal claims, it also recommends that supplemental jurisdiction not be exercised, and that all of Preacely's pendent state claims be **DISMISSED**.

E.  **The Doctrines of Collateral Esoppel and are Inapposite.**

Hidalgo references the June 2006 determination by the State of New York DOL as support against Preacely's claim that he is an employee. (*See* Def. Letter I.) Preacely expends significant time, energy, and effort attempting to convince the Court that the prior DOL determinations should not be considered, as they are barred by the doctrines of collateral estoppel and *Rooker-Feldman* abstention. (*See* Pl. Mem. at 4-6; Pl. Mot. at 2; Pl. Aff. ¶ 5; Pl. Reply at 2, 4; Pl. Local Rule 56.1(a) Statement ¶ 4.) He argues that these "preclusive doctrines . . . prohibit [the] court from instantly entertaining a de facto appeal or re-litigating [sic] any aspect of [Preacely]'s employment with AAA Typing." (*See* Pl. Local Rule 56.1(a) Statement ¶ 4.)

The doctrine of collateral estoppel, or issue preclusion, "prevents a plaintiff from relitigating in a subsequent proceeding an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003) (citing *Marvel*

15

*Characters, Inc. v. Simon,* 310 F.3d 280, 288 (2d Cir. 2002)). A party is barred from raising an issue in a proceeding if four elements are met:

> (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

*Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997) (internal quotation marks omitted). Additionally, a court must ensure that application of the collateral estoppel doctrine is fair. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979). Here, Preacely has failed to establish that Defendants were afforded a full and fair opportunity to litigate in the prior DOL proceeding. Therefore, the Court declines to invoke the doctrine of collateral estoppel in this case.

The *Rooker-Feldman* doctrine is likewise inapposite given the present circumstances. Under *Rooker-Feldman* abstention, district courts "lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d. Cir. 1998). Here, because there was no state court judgment, *Rooker-Feldman* abstention does not apply.

### IV. CONCLUSION

Because Preacely failed to establish that he is an employee for purposes of the FLSA, I recommend that: Preacely's motion for summary judgment be **DENIED**, Hidalgo and AAA's cross-motion for summary judgment be **GRANTED**, and the case be **DISMISSED WITH PREJUDICE**.

Pursuant to Rule 72, Federal Rule of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and

served on all adversaries, with extra copies delivered to the chambers of the Honorable Analisa Torres, 500 Pearl Street, Room 2210, and to the chambers of the undersigned, 500 Pearl Street, Room 1970.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: April 28, 2014**
**New York, New York**

                                               **Respectfully Submitted,**

                                               */s/ Ronald L. Ellis*
                                               **The Honorable Ronald L. Ellis**
                                               **United States Magistrate Judge**

MAILED BY CHAMBERS