UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WOODROW WILSON PREACELY, JR.,

                             Plaintiff,

             -against-

AAA TYPING & RESUME, INC. AND MS.
DENISE HIDALGO,

                        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3 / 18 / 15
```

12 Civ. 1361 (AT)(RLE)

**ORDER ADOPTING
REPORT AND
<u>RECOMMENDATION</u>**

ANALISA TORRES, District Judge:

       In this action, Plaintiff *pro se*, Woodrow Wilson Preacely, Jr., alleges that Defendants *pro se*, AAA Typing & Resume, Inc. and Denise Hidalgo, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law.  Plaintiff moves and Defendant Hildago cross-moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Before the Court is the Report and Recommendation (the "R & R") of Magistrate Judge Ronald L. Ellis, which proposes that: (1) Plaintiff's motion be denied; (2) Hidalgo's motion be granted; and (3) the case be dismissed with prejudice.  Plaintiff filed timely objections to the R & R.  For the reasons stated below, the Court ADOPTS the R & R in its entirety.

**DISCUSSION**[1]

I.    <u>Standard of Review</u>

       A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory

---

[1] The Court presumes familiarity with the facts, as detailed in the R & R, *see* R & R 2-4, ECF No. 31, and, accordingly, does not summarize them here.

or general objections, or simply reiterates his original arguments," the court reviews the R & R strictly for clear error. *Easterly v. Tri-Star Transport Corp.*, 11 Civ. 6365, 2015 WL 337565, at *1 (S.D.N.Y. Jan. 23, 2015); *see also Olorode v. Streamingedge, Inc.*, 11 Civ. 6934, 2014 WL 3974581, at *1 (S.D.N.Y. Aug. 13, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [R & R] do not trigger *de novo* review."). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Guan Ming Lin v. Benihana New York Corp.*, 10 Civ. 1335, 2013 WL 829098, at *1 (S.D.N.Y. Feb. 27, 2013) (internal quotation marks and citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a[n] [R & R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.   Plaintiff's Objections

A.  Prompt Adjudication

First, Plaintiff takes issue with the fact that nearly a year elapsed between the completion of briefing on the motions for summary judgment and the issuance of the R & R. Pl. Objs. 2, ECF No. 32. Specifically, Plaintiff argues that Judge Ellis failed to "promptly adjudicate" the matter in violation of Rule 72 of the Federal Rules of Civil Procedure. *Id.*; *see also* Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned

. . . to hear a pretrial matter dispositive of a claim or defense . . . .").  This objection is not "aimed at particular findings in the [R & R]," and, therefore, "do[es] not trigger *de novo* review." *Olorode*, 2014 WL 3974581, at *1.  In any event, the Court rejects Plaintiff's contention that Judge Ellis acted in contravention of Rule 72.

### B.  Electronic Docketing

Second, Plaintiff claims that "Judge Ellis[] was a compromised jurist [based on the] fact that none of the parties' motion papers were ever scanned into the court's PACER system."  Pl. Objs. 3.  This objection likewise "do[es] not trigger *de novo* review," as it is not "aimed at particular findings in the [R & R]."  *Olorode*, 2014 WL 3974581, at *1.  Moreover, because the parties' motion papers have since been filed on the public docket, the objection is moot.

### C.  *Rooker-Feldman*, Collateral Estoppel, and *Res Judicata*

Third, Plaintiff asserts that the *Rooker-Feldman* doctrine, collateral estoppel, and *res judicata* bar the Court from making its own determination as to whether Plaintiff was Defendants' employee.  Pl. Objs. 4-6.  With respect to the *Rooker-Feldman* doctrine and collateral estoppel, Plaintiff does nothing more than rehash the arguments he presented to Judge Ellis.  These "objections" do not give rise to *de novo* review, as they "simply reiterate[] [Plaintiff's] original arguments."  *Easterly*, 2015 WL 337565, at *1.  To find otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal."  *Vega v. Artuz*, 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and citation omitted).  Therefore, the Court reviews this portion of the R & R strictly for clear error, *Easterly*, 2015 WL 337565, at *1, and finds none.  With respect to *res judicata*, Plaintiff did not raise this argument in his submissions to Judge Ellis.  The Court will not consider it for the first time here.  *See, e.g.*, *Razzoli*, 2014 WL 2440771, at *5 ("[N]ew arguments and factual assertions

cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed objections at all.").

    D.  Willfulness and the Statute of Limitations

    Fourth, Plaintiff objects to Judge Ellis' determination that the three-year statute of limitations for "willful" FLSA violations does not apply to Plaintiff's claims.  Pl. Objs. 4, 8; *see also* R & R 6.  In support of this objection, Plaintiff merely offers the same type of conclusory assertions that Judge Ellis found to be insufficient.  *See* Pl. Objs. 4 ("Hidalgo . . . willfully attempted to portray [P]laintiff as an independent contractor and . . . hence, the three-year statute of the FLSA does apply . . . ."); *id.* at 8 ("Hidalgo's deceptions can readily be seen to be willful from the totality of Exhibit B . . . ."); *see also* Pl. Mem. 9, ECF No. 36 ("Hidalgo was . . . willfully and deceitfully misclassifying individuals . . . as independent contractors so she could get out of paying them a minimum wage . . . ."); Pl. Aff. 3, ECF No. 37 ("Hidalgo's non-payment of a minimum wage to [Plaintiff] was a willful violation of the FLSA . . . .").  Thus, the Court finds no reason to disturb Judge Ellis' conclusion that Plaintiff "has failed to allege facts sufficient to warrant application of the three-year statute of limitations."  R & R 6; *see also, e.g.*, *Llolla v. Karen Gardens Apartment Corp.*, 12 Civ. 1356, 2014 WL 1310311, at *4 (E.D.N.Y. Mar. 10, 2014) (explaining that conclusory allegations "do not suffice, without more, to establish the defendants' willfulness"); *Edwards v. City of New York*, 08 Civ. 3134, 2011 WL 3837130, at *5 (S.D.N.Y. Aug. 29, 2011) (declining to apply three-year statute of limitations where "plaintiffs rel[ied] solely on . . . conclusory assertions" and did not "identif[y] any evidence that defendant had actual knowledge of or acted with reckless disregard for its obligations under the FLSA").

E.  Third-Party Influence

Finally, Plaintiff contends that the R & R is the product of "some dark issues of third-party influence."  Pl. Objs. 12; *see also id.* at 14 ("Judge Ellis' [R & R] evinces abjectly improper third-party influences to sabotage this action involving an activist litigant.").  Because this objection is not "aimed at particular findings in the [R & R]," it "do[es] not trigger *de novo* review."  *Olorode*, 2014 WL 3974581, at *1.  The Court also finds no evidence that Judge Ellis was improperly influenced by any third party.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R & R to which Plaintiff properly objects and has reviewed the remainder of the R & R for clear error.[2]  For the reasons stated, the Court ADOPTS the R & R in its entirety.  Plaintiff's motion is DENIED, Hidalgo's motion is GRANTED, and the case is DISMISSED with prejudice.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to: (1) terminate the motions at ECF Nos. 35 and 39; (2) mail a copy of this order and all unpublished cases cited therein to the *pro se* parties; and (3) close the case.

SO ORDERED.

Dated: March 18, 2015
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] To the extent not explicitly discussed above, the Court finds the unchallenged portions of the R & R to be free of clear error.